ORIGINAL

KATHERINE PUANA KEALOHA & ASSOCIATES
A Limited Liability Law Company LLC
Katherine Puana Kealoha 6691-0
P.O. Box 1917
Honolulu, Hawaii 96805
Telephone No.: (808) 554-3554

Attorney for Defendant
Chasity Kalawe

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 14 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR NO. 02-00175 SOM |
| PLAINTIFF. ) | |
| VS. ) | FOLLOW UP REPORT TO THE COURT; CERTIFICATE OF SERVICE |
| CHASITY KALAWE, (10) ) | |
| DEFENDANT. ) | DATE: August 21, 2006<br>TIME: 2:15 pm<br>JUDGE: MOLLWAY |

FOLLOW UP REPORT TO THE COURT

Defendant Chasity Kalawe (10) (hereinafter referred to as "Defendant") by and through her appointed CJA Counsel, Katherine Puana Kealoha, hereby provides the following information to the Court, as a Declaration of Counsel:

I, Katherine Puana Kealoha, Counsel for Defendant Chasity Kalawe, do declare the following facts:

1. On July 31, 2006, I, Katherine Puana Kealoha, received a telephone call from Chasity Kalawe. She was very upset and relayed that she was at work, and just got called from a Honolulu Police Department Detective Kuaana, and he stated that she was going to be arrested if she did not give Maydell Rodrigues the kids.

2. I called Detective Kuaana and he stated that he was taking the place of Detective Eric Iinuma who was on vacation. He stated that he could not discuss much over the phone but confirmed that he spoke with Chasity Kalawe, and let her know that she had to comply with the Court order of guardianship, or she would be arrested. He confirmed that the complainant was Maydell Rodrigues.

3. Upon further investigation I found out that Maydell Rodrigues made a formal complaint and police report against Chasity Kalawe for allegations of custodial interference. She frequently called to follow up on her complaint, and wanted action.

4. This report was made even though Maydell Rodrigues told Your Honor, Judge Mollway, (on the record) that's he did not want to take Chasity's children away from her.

5. On August 09, 2006, the Guardianship hearing was held by the Honorable Darryl Choy. Maydell Rodrigues contested the petition to terminate Guardianship, and a hearing was required.

6. Although the request was made to have a conditional guardianship in place, the Court stated that a conditional guardianship can only be made in reference to the guardian, and not the parent.

7. Judge Choy found that it was in the best interest of the children to terminate Maydell Rodrigues as the Guardian.

8. Judge Choy also found that because he did not know if Chasity would be going to jail or not, he MUST appoint another Guardian, to whom he appointed Maternal Grandparents, who were present.

9. Interestingly, Judge Choy also stated that the previous Guardianship involving Maydell Rodrigues was a FRAUD on the Court. Judge Choy found that the previous petition and hearing before the Court failed to provide the true and accurate facts, in regards to the "side deal" that was behind the Guardianship.

10. At the hearing on August 09, 2006, both Chasity Kalawe and Maydell Rodrigues agreed that there was a "side deal" in which the Guardianship was in place only if Chasity went to jail.

11. Judge Choy stated that he understood what type of Conditional Guardianship had been requested, but he must rule in reference to what is in the best interest of the children, and not Chasity. Again, because he was unsure if she would be going to jail or not, he MUST appoint a GUARDIAN, now that he Court has the true and accurate facts of the case.

12. As stated previously, the conditional guardianships are only available for Court use in reference to the guardian being appointed, and not to the Parent. Thus, a guardianship where maternal grandparents are guardians only if and when Chasity went to prison, is not viable to the Court.

13. It was stated on the record that the Court was aware that despite the current Guardianship imposed by the Court, the children would be staying on Oahu with Chasity unless or until she was incarcerated.

14. It is my understanding that if Chasity's sentence does not include incarceration, or after her term of incarceration is complete, she may petition the Court to terminate the Guardianship.

15. I would like to note for the Court that Maydell Rodrigues, true to her pattern of deceit and bullying, attempted to use the Honolulu Police Department to enforce a Guardianship order of the Court, despite her assuring the Federal Court, that she did not want to take Chasity's children away, and despite the fact that Family Court found that the original Guardianship petition was a FRAUD on the Court.

16. Furthermore, although Chasity Kalawe did not want to get involved in the U.S. Attorney's efforts to show that Maydell Rodrigues was attempting to "Obstruct Justice" when she was threatening Chasity and attempting to take her children away; I believe that is exactly what Maydell Rodrigues has been doing in this case.

17. Maydell Rodrigues wrote a letter of outright lies to the Office of Disciplinary Counsel to attempt to have me removed from the case, and then she records Chasity Kalawe in a scheming conversation to attempt to "help" her son and his case.

18. Furthermore, I have documented several conversations between Chasity and I, where Maydell Rodrigues has used her guardianship to harass, taunt, challenge and attempt to bully Chasity Kalawe in reference to her position in this case.

19. This type of outlandish conduct amounts to much more than an obstruction of justice, and should be classified as hindering prosecution and intimidating a Federal witness.

20. This Honorable Court has gone above and beyond the means of justice to assure that all parties in this case are treated fairly and justly. I believe that none of these means

would have been necessary, were it not for the obstruction and hindering of Maydell Rodrigues.

21. As Counsel for Chasity Kalawe, I feel that the Family Court ruling is in the Best Interest of the Children, which in that Court specifically, should outweigh the interest of Chasity Kalawe.

22. In any event, I believe that the Family Court matter has been resolved, and we may proceed to finalize the Sentencing in the instant case.

23. Mr. Stephen Hioki, Esq. will be present on Monday, August 21, 2006, at 2:15 pm, to answer any possible Family Court questions that this Honorable Court may have in this matter.

DATED: Honolulu, Hawaii, 8/12/06.

_____
KATHERINE PUANA KEALOHA
CJA Appointed Counsel for Defendant
CHASITY KALAWE (10)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR NO. 02-00175 SOM |
| | ) | |
| PLAINTIFF. | ) | |
| | ) | |
| VS. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| CHASITY KALAWE, (10) | ) | |
| | ) | |
| DEFENDANT. | ) | DATE: August 21, 2006 |
| | ) | TIME: 2:15 pm |
| | ) | JUDGE: MOLLWAY |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served on the following parties via U.S. Mail, hand delivery, or via facsimile, as indicated below on the date of filing herein.

    Thomas Muehleck, Esquire              Hand Delivery
    Assistant U.S. Attorney
    300 Ala Moana Blvd., Room 6100
    Honolulu, Hawaii 96850

    Ellie N. Asasaki                         Hand Delivery
    Senior U.S. Probation Officer
    300 Ala Moana Blvd., 2nd Floor
    Honolulu, Hawaii 96813

    DATED:    Honolulu, Hawaii, August 12, 2006.

    KATHERINE PUANA KEALOHA
    Attorney for Defendant
    CHASITY KALAWE (10)